UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SUNOPTA GLOBAL ORGANIC INGREDIENTS, INC.,<br><br>                Plaintiff,<br><br>    v.<br><br>PRINIR (HADAS 1987), LTD., ET AL.,<br><br>                Defendants. | Case No.: C 08-04851 PVT<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO COMPEL MEDIATION AND ARBITRATION; AND**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY**<br><br>**[Docket Nos. 31, 38]** |

**INTRODUCTION**

Defendants Prinir (Hadas 1987), Ltd. and Jacob Cheskala petition for an order compelling mediation and arbitration pursuant to an agreement dated June 2, 2004. (collectively "defendants"). Pursuant to 9 U.S.C. § 3, defendants further move to stay the above-captioned action pending mediation and arbitration. Plaintiff Sunopta Global Organic Ingredients, Inc. opposes the petition and the motion. ("SGOI"). Pursuant to Rule 7-1(b), the petition and motion are taken under submission without oral argument. The hearing scheduled for July 14, 2009 at 10AM is vacated. Having reviewed the papers and considered the arguments of counsel, defendants' petition for order compelling mediation and arbitration and motion to stay the action pending mediation and

arbitration are granted.[1]

## BACKGROUND

Pursuant to an agreement dated June 2, 2004, defendant Prinir (Hadas 1987) agreed to produce and package certain organic tomato products for plaintiff SGOI to sell and distribute in the United States. ("June 2, 2004 agreement"). Defendant Jacob Cheskala is a managing director at Prinir (Hadas 1987), and both he and the company are located in Israel. (collectively "defendants"). He executed the June 2, 2004 agreement on behalf of the company. Plaintiff SGOI alleges that defendants supplied vastly inferior products than the parties had agreed upon. In the various shipments it received from defendant Prinir (Hadas 1987), plaintiff SGOI found that the products were flat and sour with thermophillic spores, that the products had had freezer damage, that the cans had leaked and/or exploded, that the cans were rusted, dented and dirty, that the cans had defective seams and labels and that the cans had been poorly palletized. Because of these numerous deficiencies, plaintiff SGOI alleges that it sustained damages totaling $446,720.

Paragraph 23 of the June 2, 2004 agreement states in pertinent part:

> In the event of a dispute, claim or difference arising out of or in connection with this contract, the parties agree to first enter into non-binding mediation through the International Mediation and Arbitration Center (IMAC) located at 24955 Pacific Coast Highway, Suite C302, Malibu, California 90265 under its mediation rules current at the date the dispute is referred to Mediation. The Mediation will take place in California.

Paragraph 24 of the June 2, 2004 agreement states in pertinent part:

> If the dispute, claim or difference is not resolved by Mediation through IMAC, it shall be determined through neutral binding arbitration in California administered by IMAC under its Arbitration Rules current at the date of reference in accordance with Part 3, Title 9 of the California Code of Civil Procedure, and not by court action except as provided by California Law for Judicial Review of Arbitration Proceedings.

On August 3, 2007, plaintiff SGOI memorialized the various quality issues related to defendants' tomato products. ("August 3, 2007 letter"). The August 3, 2007 letter stated that

---

[1] The holdings of this court are limited to the particular facts and circumstances underlying the present petition and motion.

Defendants filed their reply on July 7, 2009. Rule 7-3(c) states that "[a]ny reply to an opposition must be served and filed by the moving party not less than 14 days before the hearing date." Civ. L.R. 7-3(c). Here, plaintiff SGOI noticed the hearing for July 14, 2009. Pursuant to Rule 7-3(c), any reply was due no later than June 30, 2009. Notwithstanding the untimely filing of the reply, the court has reviewed the reply.

"[d]emand is hereby made that according to the terms of the contract, this matter be mediated first and if we cannot reach a resolution, according to the terms of the contract, that this matter be adjudicated through binding arbitration in California."

On December 19, 2007, plaintiff SGOI alleges that it made a formal demand for arbitration. The demand made to the defendants, however, also included another party named Milos (1989) Ltd. ("Milos"). ("December 19, 2007 demand letter"). Milos too, is an Israeli company involved in the same business as defendant Prinir (Hadas 1987). The demand letter stated that "[w]e believe these disputes are related and overlap such that the claims, witnesses, documents and other evidence will be either the same or substantially similar." In the same demand, plaintiff further alleges that defendant Cheskala controls both entities and that the two entities are alter egos of the other. Plaintiff SGOI acknowledged that it had separate agreements with defendants and Milos and that each of these agreements provided for mediation and arbitration in different venues. In or around January 3, 2008, defendants responded to the demand letter and informed plaintiff SGOI that it had no connection with Milos and that there was no need for them to participate in an arbitration which involved an unrelated party.[2] ("January 3, 2008 response"). Indeed, defendants stated that Prinir (Hadas 1987) Ltd and Milos were direct competitors. Due to defendants' alleged refusal to participate in arbitration, plaintiff SGOI filed the above-captioned action and asserts that it incurred significant expense in serving the defendants in Israel.

Pursuant to the June 2, 2004 agreement, defendants petitioned for an order compelling mediation and arbitration and moved to stay the above-captioned action pending mediation and arbitration. Plaintiff SGOI opposes the petition and the motion.

**DISCUSSION**

**I.    Plaintiff SGOI Has Not Shown Waiver**

As an initial matter, the parties do not dispute the terms of the June 2, 2004 agreement. Rather, plaintiff SGOI asserts that defendants have waived mediation and arbitration given their

---

[2] A related action entitled *Milos (1989) Ltd. v. Sunopta Global Organic Ingredients, Inc.,* Case No. 08-2109 PVT was dismissed on April 9, 2009. In that action, the court had granted defendant's petition for order to compel mediation and arbitration and defendant's motion to stay case. *See* Docket No. 19.

January 3, 2008 response and stated refusal to proceed with arbitration.

"'A party seeking to prove waiver of a right to arbitrate must demonstrate (1) knowledge of an existing right to compel arbitration; (2) acts inconsistent with the existing right; and (3) prejudice to the party opposing arbitration resulting from such inconsistent acts.'" *Brown v. Dillards, Inc.,* 430 F.3d 1004, 1012 (9th Cir. 2005)(citing *Britton v. Co-op Banking Group,* 916 F.2d 1405, 1412 (9th Cir. 1990). It is a "heavy burden." *Britton v. Co-op Banking Group,* 916 F.2d at 1412.

Plaintiff SGOI has shown that defendants had knowledge of the existing right to arbitration. The parties executed an agreement which required that, "[i]n the event of a dispute, claim or difference arising out of or in connection" to the June 2, 2004 agreement, they would participate in mediation and if necessary, then arbitration. Thus, plaintiff has satisfied the first requirement. However, plaintiff SGOI has not shown that defendants have undertaken acts inconsistent with that existing right. Following receipt of the December 19, 2007 demand letter, defendants notified plaintiff that they had no connection to the unrelated party Milos which was a direct competitor to them in the same business. Therefore, defendants stated that there was no need for them to be involved in mediation or arbitration. Defendants assert that their response did not constitute a waiver. Instead, defendants contend that their response was appropriate in light of the allegations made in the December 19, 2007 demand letter that claimed that defendant Cheskala controlled Prinir (Hadas 1987) and Milos and that the two companies were alter egos of the other. Defendant Cheskala states that the January 3, 2008 response was never intended as a waiver of mediation and arbitration and plaintiff SGOI never responded further to the January 3, 2008 response. Declaration of Jacob Cheskala in Support of Petition for Order Compelling Arbitration, ("Cheskala Decl.") ¶7. Having reviewed the December 19, 2007 demand letter and the January 3, 2008 response, plaintiff SGOI has not shown that defendants' acts are inconsistent with their right to arbitration. Therefore, plaintiff SGOI has not met the second requirement. Finally, plaintiff SGOI has not shown any prejudice from any delay in proceeding with mediation and arbitration. As set forth below, the above-captioned action will be stayed pending mediation and arbitration. The stay may later be lifted and plaintiff SGOI will have had to serve defendants anyways. Accordingly, defendants' petition for an order compelling mediation and arbitration is granted. Pursuant to the September 2,

2004 agreement, the parties shall proceed with mediation, and if necessary, arbitration.

**II.    Stay is Warranted**

In light of the above ruling, a stay in the above-captioned action is appropriate here. Accordingly, defendants' motion to stay is granted.

### CONCLUSION

For the foregoing reasons, defendants' petition for an order compelling mediation and arbitration is granted. In addition, defendants' motion for stay is granted. The case management conference scheduled to be held on July 14, 2009 is vacated. The parties shall file a status report every 180 days from the date of this order.

IT IS SO ORDERED.

Dated:    July 9, 2009

PATRICIA V. TRUMBULL
United States Magistrate Judge